Nov. Term,

SOFIELD *v.* THE WHITE WATER VALLEY CANAL COMPANY.

1851.

SOFIELD
v.
WHITE WATER
VALLEY CA-
NAL COMPANY.

Application by the widow of one *S.*, an intestate, against the *White Water Valley Canal Company*, for the assessment of damages occasioned by the construction of their canal through a lot claimed by her. It was proved, on the hearing, that the intestate, at his decease, was the owner of the property; that he was born and raised in *New Jersey*; that he and the plaintiff were married, and lived on the property sixteen years, until 1838, when he died, leaving her in possession of the premises, where she remained until the trial in 1845; and that the intestate had no children, as far as was known. A witness also testified that he had known, and lived in the same town with, the intestate, for the last sixteen years before his death, and knew of no relatives or heirs of the intestate, except the plaintiff. *Held,* that the evidence showed, *prima facie,* that the plaintiff was the sole heir of the intestate, under the R. S. 1843.

ERROR to the *Fayette* Circuit Court.

Thursday,
December 4.

PERKINS, J.—The *White Water Valley Canal Company* constructed their canal across a lot in the town of *Connersville, Fayette* county, *Indiana*, of which *Phebe Sofield* claimed to be the owner; and this suit is a claim by her against said company for damages occasioned by said construction of the canal. The defendant pleaded not guilty, and that more than two years elapsed between the appropriation of the lot by the company and the preferring of this claim for damages.

The cause, in the usual course of proceedings, reached the Circuit Court, by appeal. It was there submitted to the Court, without a jury, upon the following evidence:

1. A deed to the lot in question, dated the 19th of *February*, 1821, from *Abiathar Hathaway*, of *Fayette* county, *Indiana*, to *Lewis Sofield* of the same place, accompanied by proof that said *Lewis* took possession; that he was married to said *Phebe Sofield;* that they together lived upon the lot about sixteen years, being till 1838, when said *Lewis* died, intestate and childless, so far as was known, leaving said *Phebe*, his widow, in possession of said premises, where she remained till the time of the trial of this cause, being the fall of 1845.

2. Proof that the damages to the lot by the construction of the canal were 100 dollars.

3. That previous to his purchase of said lot, said *Lewis Sofield* lived in *New Jersey*, where he was born and raised; "and there being no proof either for or against said plaintiff that said *Lewis* had any kindred or relations of any kind living, at the time of his death, except the testimony of one witness, who stated that he had known said *Lewis* for the last sixteen years, and had lived in the same town with him for that length of time, and knew of no relations or heirs (the plaintiff, his widow, excepted,) of said *Lewis*, nor had he ever heard of any; thereupon the Court decided that said plaintiff, *Phebe*, was only entitled to recover one-third of the damages proved, &c., and gave her a judgment for 33 dollars and 33 cents."

The evidence in this case is rather meager. It does not inform us of the age of *Lewis Sofield* at his death, nor whether he had had a former wife; but, taken in connection with the great length of time said *Sofield* and his widow had resided in *Fayette* county, where this cause was tried, we think it, *prima facie*, rebuts the presumption that said *Lewis* left any heirs other than his widow; and that the Court, consequently, erred in their decision—our statute giving her, in such case, the whole of her husband's estate. There is no evidence as to the time when the lot was appropriated by the company.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendant.